UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARY YATES, as Special Administrator of
the Estate of LILBOURN WOOD, Deceased,

Plaintiff,

v.

JAY MERCHANT, WILLARD O. ELYEA,
M.D., and ROGER WALKER,

Defendants.

Case No. 05-cv-4142-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the defendants' motion for summary judgment
(Doc. 20).  Plaintiff Mary Yates responded to the motion (Doc. 28), and the defendants replied to
that response (Doc. 32).

**I.      Standard for Summary Judgment**

Summary judgment is appropriate where "the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party is entitled to judgment as a matter
of law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v.
Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court must
construe the evidence in the light most favorable to the nonmoving party and draw all reasonable
inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986);
*Spath*, 211 F.3d at 396.  Where the moving party fails to meet its strict burden of proof, a court
cannot enter summary judgment for the moving party even if the opposing party fails to present
relevant evidence in response to the motion.  *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest

upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).  A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986);  *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252; *accord Michas*, 209 F.3d at 692.

## II.    Facts

Viewing the evidence and drawing all reasonable inferences in favor of the plaintiff, the relevant evidence establishes the following facts.

Plaintiff's decedent Lilbourn Wood ("Wood") was an inmate at the Shawnee Correctional Center ("Shawnee"), a facility of the Illinois Department of Corrections ("IDOC"), from May 2002 to November 15, 2003.  In July 2002, he began to experience pain when he urinated.  In July or August 2002, Wood saw a doctor at Shawnee, who diagnosed him with an infection and gave him medication.  The medication did not help Wood, and he began seeing blood and blood clots in his urine.  He continued to seek treatment from medical staff at the prison, and they continued to diagnose and treat his problem as an infection.  Wood was released from Shawnee on November 15, 2003, and then, after visiting a private doctor, learned that he had bladder cancer.

2

The defendants' roles in Wood's medical care were as follows:[1]

IDOC Medical Director Willard O. Elyea ("Elyea") was responsible at the relevant time for overseeing the medical care of approximately 45,000 IDOC inmates and was not involved  in the direct care of inmates.  He did not see, examine or treat Wood, and was unaware of his specific medical needs, of his diagnosis and treatment by Shawnee doctors or of any grievance Wood may have filed regarding the medical care he received at Shawnee.

IDOC Director Roger E. Walker ("Walker") was not aware of Wood's medical needs or his treatment by Shawnee doctors or of any grievance Wood may have filed over the matter. While it is possible Wood may have filed such a grievance, he never appealed the denial of that grievance to Walker or otherwise informed Walker of his medical situation.

Defendant Jay M. Merchant worked at Vienna Correctional Center, another IDOC facility, at the relevant time and held no position at Shawnee while Wood was incarcerated there. Merchant was not aware of Wood's medical needs or his treatment by Shawnee doctors.

Wood brought this § 1983 suit alleging that Merchant, Elyea and Walker violated his Eighth and Fourteenth Amendment rights by being deliberately indifferent to the substantial risk of harm he faced.  During the pendency of this litigation, Wood died, and the plaintiff was substituted to proceed with the case.

The defendants ask the Court for summary judgment on a variety of grounds:  (1) qualified immunity, (2) lack of personal involvement and (3) inability to establish deliberate

---

[1]In the response to the motion for summary judgment, the plaintiff asserts without evidentiary support that Merchant denied Wood's grievance regarding his medical care and that Walker denied an appeal of that grievance.  He also asserts without evidentiary support that Wood complained to Elyea about his medical treatment.  In the absence of any evidence from which a jury could conclude that these assertions are true, the Court cannot credit them in deciding this motion for summary judgment.

indifference to Wood's medical needs.  The plaintiff opposes the motion but submitted no evidence of the defendants' knowledge of Wood's medical needs or personal involvement in his medical care.

## III.   Analysis

The Court begins with the question of qualified immunity, which encompasses the other issues raised by the defendants.  Qualified immunity is an affirmative defense that shields government officials from liability for civil damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000).  A court required to rule upon the qualified immunity issue must first consider whether the evidence, taken in the light most favorable to the party asserting the injury, shows that the official's conduct violated a constitutional right.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001);  *see Brosseau v. Haugen*, 543 U.S. 194, 197 (2004);  *Wilson v. Layne*, 526 U.S. 603, 609 (1999).

In this case, the constitutional right at issue is Wood's Eighth Amendment right to be free from the unnecessary and wanton infliction of pain, which is applicable to the states through the Fourteenth Amendment due process clause.  *See Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976); *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006).  This prohibition of the Eighth Amendment forbids deliberate indifference to a prisoner's serious medical needs.  *Estelle*, 429 U.S. at 104;  *Johnson*, 444 F.3d at 584;  *Zentmyer v. Kendall Co.*, 220 F.3d 805, 810 (7th Cir. 2000).  To prevail on such an Eighth Amendment claim, a prisoner must show (1) that he had an objectively serious medical need and (2) that the official knew that the medical need was serious but disregarded it.  *Johnson*, 444 F.3d at 584;  *Zentmyer*, 220 F.3d at 810.  The defendants do not take issue with the fact that Wood's need was objectively serious.  Instead, they focus on

4

whether the evidence establishes their particular deliberate indifference to that need.

An official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson*, 444 F.3d at 585 ("The standard requires that an officer have 'subjective awareness' of the serious medical need and then act with indifference to that need."). The prisoner must show that the defendant's conduct was intentional or criminally reckless; neither simple nor gross negligence is sufficient to establish deliberate indifference. *Johnson*, 444 F.3d at 585; *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991).

The deliberate indifference must be chargeable to each defendant personally. "To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *accord Johnson*, 444 F.3d at 583. An official is personally involved if he knows about the unconstitutional conduct and facilitates, approves, condones or deliberately turns a blind eye to it. *Johnson*, 444 F.3d at 584; *Gentry*, 65 F.3d at 561. The doctrine of *respondeat superior* cannot be used to impose liability on a supervisor for a subordinate's unconstitutional actions. *Lanigan v. Village of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997).

The evidence in this case paints a tragic picture. Wood was forced to endure almost a year and a half of daily pain while Shawnee doctors were slow to perform appropriate diagnostic tests and continued to treat him with ineffective medicines. It appears that their actions may have caused him unnecessary suffering, delayed his diagnosis of bladder cancer and contributed towards his ultimate death. Because of this, Wood may have had a viable Eighth Amendment claim against those who treated him.

5

He does not, however, have a viable Eighth Amendment claim against the defendants in this case. In this case, there is no evidence that the defendants were subjectively aware of Wood's medical needs or that they were personally involved in the diagnosis or treatment of his medical problems. Defendant Merchant was not even employed at the IDOC facility in which Wood was housed. Further, he has submitted an affidavit stating that he did not know anything about Wood or his medical problems. Similarly, the evidence shows that although Elyea was IDOC's medical director, he did not treat inmates personally, was not aware of Wood's situation, and was not personally involved in any decisions about how to treat him. Finally, there is no evidence that Walker was subjectively aware of Wood's medical needs or involved in his treatment in any way. Based on the evidence, no reasonable jury could find that any of the defendants were deliberately indifferent to Wood's medical needs or were in any way personally involved in any constitutional deprivation.

## IV.     Conclusion

For these reasons, the Court finds that the defendants are entitled to qualified immunity because the plaintiff cannot establish a constitutional violation by the defendants. It therefore **GRANTS** the defendants' motion for summary judgment (Doc. 20) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  October 23, 2006**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**